**NOT FOR PUBLICATION**

FILED

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE NEWMAN,<br><br>            Plaintiff-Appellant,<br><br>  v.<br><br>SHOW LOW POLICE DEPARTMENT; et al.,<br><br>            Defendants-Appellees. | No. 15-16113<br><br>D.C. No. 3:13-cv-08005-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Joe Newman appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging excessive force during an arrest. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of summary judgment on the basis of qualified immunity. *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment because, in light of the video recording of the incident from Officer Williams' patrol car, no reasonable jury could credit Newman's account of the arrest and find that defendants used an unreasonable amount of force. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that when a video recording of an alleged excessive force incident contradicts the nonmoving party's version of the incident to the extent that "no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment"); *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (setting forth factors for determining whether excessive force was used in arrest).

The district court did not abuse its discretion by considering the video recording on summary judgment because the recording was authenticated, it was unquestionably relevant, and it contradicted key aspects of Newman's account of the incident. *See* Fed. R. Evid. 401 & 901; *Scott*, 550 U.S. at 380; *see also Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010) (setting forth standard of review).

15-16113

The district court did not abuse its discretion by declining to order defendants to produce what Newman claims is an unedited version of the video recording because Newman failed to establish that another, more complete version of the recording exists. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) ("A district court has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**